# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

AB'DULLAH L. R. MUHAMMAD, )
)
    Plaintiff, )
)
v. ) No. CIV 12-094-RAW-SPS
)
RANDALL G. WORKMAN, et al., )
)
    Defendants, )

## OPINION AND ORDER
## DENYING LEAVE TO PROCEED IN FORMA PAUPERIS

Plaintiff Ab'dullah Muhammad, a prisoner appearing pro se and seeking to bring a civil rights action, has filed a motion for leave to proceed *in forma pauperis* and supporting affidavit in conformance with 28 U.S.C. § 1915(a). A review of his litigation history, however, indicates he has accumulated at least three prior civil rights actions that count as "strikes," pursuant to 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In *Muhammad v. Morton*, No. CIV-05-713-T (W.D. Okla. Mar. 15, 2006), the district court adopted the Magistrate Judge's Report and Recommendation that the action be dismissed for failure to state a claim, and the dismissal was counted as a strike. Plaintiff's appeal was dismissed in Case No. 06-6122 (10th Cir. July 31, 2006).

*Muhammad v. Cody*, No. CIV-92-1963-W (W.D. Okla. May 21, 1993), dismissed plaintiff's claims of denial of access to the courts, retaliation, and conspiracy as frivolous, pursuant to 28 U.S.C. § 1915(d). In addition, his claims related to restrictive housing were dismissed under Fed. R. Civ. P. 56. *Id.*[1]

In *Muhammad v. Bellmon*, No. CIV-90-1608-R (W.D. Okla. Jan. 17, 1991), plaintiff's civil rights action was dismissed because his allegations of unconstitutional conduct were not supported by the record, and he had not presented a rational argument supported by the law or the facts. The court further held that any appeal of the judgment would be frivolous and not taken in good faith. *Id.* at 12.

Finally, *Muhammad v. Henry*, No. CIV-86-2337-R (W.D. Okla. July 27, 1988), was dismissed because there was no genuine issue of material fact, and the defendants were entitled to judgment as a matter of law.

Plaintiff alleges in his present complaint that he is being denied the right to practice his religion and to receive religious meals. The court finds his allegations fail to set forth a credible claim that he is in imminent danger of serious physical injury and that he qualifies for the exception in 28 U.S.C. § 1915(g).

**ACCORDINGLY,** plaintiff's motion for leave to proceed *in forma pauperis* [Docket #2] is DENIED. Plaintiff is directed to forward the **$350.00** filing fee to the Court Clerk within twenty (20) days. The agency having custody of plaintiff is ordered to release funds from plaintiff's accounts, including his trust account, for payment of the filing fee. Failure

---

[1] Prisoner suits dismissed prior to the 1996 enactment of the Prison Litigation Reform Act count as strikes. *Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) (citing *Green v. Nottingham*, 90 F.3d 415, 418-20 (10th Cir. 1996)).

2

to comply with this order will result in dismissal of this action.

**IT IS SO ORDERED** this 2nd day of May 2012.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**