## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

AB'DULLAH L. R. MUHAMMAD,               )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )       No. CIV 12-094-RAW-SPS
                                        )
RANDALL G. WORKMAN, et al.,             )
                                        )
        Defendants,                     )

## OPINION AND ORDER

Plaintiff appealed the denial of his motion for leave to proceed *in forma pauperis* in this action, and the Tenth Circuit Court of Appeals remanded for this court "to revisit the evidentiary basis for its decision" that was based on the three-strike rule of 28 U.S.C. § 1915(g). *Muhammad v. Workman*, No. 12-7035, slip op. at 3 (10th Cir. Oct. 2, 2012). The Tenth Circuit also directed this court to "ensure that the record includes a copy of each memorandum order and judgment or other decision that serves as a basis for a strike." *Id.*

Plaintiff alleged in his complaint that "neither [sic] of the [eleven previously dismissed actions or appeals listed] have ever been dismissed as frivolous, malicious, or for failure to state a claim upon which relief could be granted." (Docket No. 1 at 16). The court, however, found he had accumulated at least three prior civil rights actions dating back to 1986 that qualified as "strikes." Plaintiff's suits dismissed prior to the 1996 enactment of the Prison Litigation Reform Act were included as strikes, pursuant to *Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) (citing *Green v. Nottingham*, 90 F.3d 415, 418-20 (10th Cir. 1996)).

In *Muhammad v. Morton*, No. CIV-05-713-T (W.D. Okla. Mar. 15, 2006), the district court conducted a *de novo* review of the record before adopting in its entirety the Magistrate Judge's recommendation that the action be dismissed for failure to state a claim and that he be assessed one "strike" under 28 U.S.C. § 1915(g). *Id.*, slip op. at 2-4; Report and Recommendation at 19.

... [T]he Amended Complaint asserts three claims: Count I, a claim under 42 U.S.C. § 1983 of denial of access to the courts (access to the law library and current research materials); Count II, a claim under 42 U.S.C. § 1985 of conspiracy to deny Plaintiff of constitutional rights (access to the courts); and Count III, a claim under 42 U.S.C. § 1986 of failure to prevent a constitutional violation (as alleged in Count I). Judge Purcell correctly concludes as to Counts II and III that each fails to state a claim for relief and should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1). Judge Purcell also correctly concludes that Defendants are entitled to summary judgment on Count I. Notwithstanding Plaintiff's current allegations that he has been refused law library access in recent months, the record plainly shows he was regularly provided physical access to the law library on 78 occasions between February 2004 and the filing of this case in June 2005, and that he was able to pursue numerous civil claims during that time.

No federal case filed in that period failed on the merits; each was dismissed due to Plaintiff's failure to exhaust administrative remedies. ... Regardless of the outcome, however, these facts demonstrate Plaintiff was not denied access to the courts as alleged. Defendants are therefore entitled to summary judgment on Count I.

*Muhammad*, No. CIV-05-713-T, slip op. at 2-3 (citations omitted). The Tenth Circuit denied plaintiff leave to proceed on appeal *in forma pauperis* and denied his appeal in *Muhammad v. Morton*, No. 06-6122 (10th Cir. July 31, 2006). *See* Attachment 1 to this Opinion and Order.

In *Muhammad v. Cody*, No. CIV-92-1963-W (W.D. Okla. May 21, 1993), the district court adopted the Magistrate Judge's Findings and Recommendations regarding plaintiff's claims of conspiracy to deny him access to the courts, retaliation, and cruel and unusual punishment:

[T]he court DISMISSES Plaintiff's claims (1) that Defendants interfered with Plaintiff's right of access to the courts by preventing him from assisting other inmates in their litigation and (2) that Defendants retaliated against him for exercising his right of access to the courts as frivolous under 28 U.S.C. § 1915(d). The court also DISMISSES Plaintiff's claim of a conspiracy to deprive him of his right of access to the courts pursuant to Rule 12(b)(6), Fed. R. Civ. P. In addition, the Court GRANTS summary judgment pursuant to Rule 56, Fed. R. Civ. P., in favor of Defendants on Plaintiff's claims that his constitutional rights were violated by his placement in segregated housing following the filing of a disciplinary charge against him and (2) that while Plaintiff was in restrictive housing, Defendants refused to bring him unidentified "legal material" and "legal files" and "illegally opened"

unspecified "legal mail."

*Id.*, slip op. at 2. *See* Attachment 2 to this Opinion and Order.

In *Muhammad v. Bellmon*, **No. CIV-90-1608-R** (W.D. Okla. Jan. 17, 1991), plaintiff alleged he was denied equal protection and due process, and he had been subjected to cruel and unusual punishment. *Id.*, slip op. at 1-2. The district court found he "ha[d] not presented a rational argument supported by law or facts and there [were] no redressible constitutional defects." *Id.*, slip op. at 12. The court further held that any appeal "would not be taken in good faith and it would be a frivolous exercise at the unjustified expense of the taxpayers." *Id. See* Attachment 3 to this Opinion and Order.

*Young v. Nigh*, **No. CIV-86-2337-R** (W.D. Okla. July 27, 1988), the fourth prior case considered by the court, was a civil rights lawsuit filed under plaintiff's previous name of Harvey Lee Young.[1] Although the case file has been destroyed, the docket sheet and Judgment in this matter are available. *See St. Louis Baptist Temple v. Fed. Deposit Ins. Corp.*, 605 F. 2d 1169, 1172 (10th Cir. 1979) (holding that "federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."). *See also DuBuc v. Boone*, No. 95-7150, 1996 WL 194832, at *1 (10th Cir. Apr. 23, 1996) (unpublished opinion) (citing *St. Louis Baptist Temple* and Fed. R. Evid. 201 in support of the district court's *sua sponte* judicial notice of the docket sheet for a proceeding in another federal court). In this action the Judgment stated that the district court had concluded "there [was] no genuine issue of material fact and that defendants [were] entitled to judgment as a matter of law." *Id. See* Attachment 4 to this Opinion and Order.

Plaintiff alleges in his present complaint that he is being denied the right to practice his religion and to receive religious meals. The court again finds his allegations fail to set forth a credible claim that he is in imminent danger of serious physical injury and that he

---

[1] *See Muhammad*, No. 12-7035, slip op. at 2 n.1. and the docket sheet for Case No. CIV-86-2337-R.

3

qualifies for the exception in 28 U.S.C. § 1915(g).

**ACCORDINGLY,** the court again finds that plaintiff's motion for leave to proceed *in forma pauperis* should be denied, pursuant to 28 U.S.C. § 1915(g), and he should forward the entire $350.00 filing fee to the Court Clerk.

**IT IS SO ORDERED** this _5th_ day of November 2012.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

# ATTACHMENT 1

## *Muhammad v. Morton*, No. CIV-05-713-T (W.D. Okla. Mar. 15, 2006).

- Report and Recommendation, entered January 10, 2006.

- Order dismissing action, entered March 15, 2006.

- Judgment entered March 15, 2006.

- *Muhammad v. Morton*, No. 06-6122 (10th Cir. July 31, 2006), denying leave to proceed on appeal *in forma pauperis* and dismissing appeal.

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AB'DULLAH LAMAR RASHID MUHAMMAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CIV-05-713-T |
| v. | ) |
| | ) |
| DEBBIE MORTON, et al., | ) |
| | ) |
| Defendants. | ) |

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil

rights action pursuant to 42 U.S.C. §1983. Named as Defendants in the Amended Complaint

filed July 14, 2005, are Oklahoma Department of Corrections ("DOC") official Debbie

Morton, Oklahoma State Penitentiary ("OSP") Warden Mike Mullin, OSP correctional

officer Rocky Bingham, and OSP law library supervisor Wayne Brakensiek. Defendants

have moved to dismiss the cause of action and, alternatively, for summary judgment, to

which Plaintiff has responded. Defendants have also caused the filing of a special report

consistent with <u>Martinez v. Aaron</u>, 570 F.2d 317 (10th Cir. 1978). The matter has been

referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C.

1

§636(b)(1)(B). For the following reasons, it is recommended that the Defendants' motions be granted as set forth herein.

I. Background

Plaintiff is an Oklahoma inmate who has been incarcerated since 1989 serving multiple, consecutive sentences for convictions for violent offenses, including robbery with a firearm and kidnaping, both after former conviction of two or more felonies, and use of a firearm while committing a felony. He was most recently transferred to OSP in November 2003, where he was confined at the time he filed this cause of action. Special Report, att. 1 (Plaintiff's Consolidated Record Card).

In his Amended Complaint, Plaintiff sets forth the nature of his case in twenty-eight separately-numbered paragraphs. As grounds for relief, Plaintiff alleges in count one that he has been denied his constitutional right of access to the courts in violation of the First, Sixth, and Fourteenth Amendments and the Privileges and Immunities Clause of Article IV of the Constitution. As support for this claim, Plaintiff refers to "his allegations contained in paragraphs 1 through 28 above" and asserts that he is being denied his right of access to the courts "by being denied adequate access to the O.S.P. law library and access to up-to-date case law materials by Defendants Brakensiek and Bingham." Plaintiff alleges that these Defendants' actions "are being condoned and encouraged by there [sic] supervisors, Defendants Morton (Designee for Director) and Mullins [sic] (Warden)." Amended Complaint, at 3, 3A. Plaintiff further alleges that as a result of Defendants' interference with his right of access to the courts "in at least two (2) instances, cases have been dismissed

2

because the Plaintiff was unable to respond in a timely manner due to his lack of access to the law library and/or updated research materials." Amended Complaint, at 3A.

In count two of the Amended Complaint, Plaintiff asserts a claim of conspiracy to deprive him of his constitutional right of access to the courts in violation of 42 U.S.C. §§ 1985(2) and (3). Amended Complaint, at 3. He alleges in support of this claim that all four Defendants "conspired together to deprive Plaintiff of his rights and privileges by intentionally denying the Plaintiff access to the law library and up-to-date case law materials." Amended Complaint, at 3C. Plaintiff also alleges that Defendants Mullin and Morton "conspired with one another together to deprive the Plaintiff of his rights and privileges by not adequately and appropriately training and supervising the employees of the [OSP]'s law library staff...." and that Defendants Brakensiek and Bingham "conspired with one another together to impede, hinder and otherwise defeat the due course of justice in the pursuit of civil action against those fellow staff members who Plaintiff already has litigation pending against." Amended Complaint, at 3C and 3D.

In count three of the Amended Complaint, Plaintiff alleges that Defendants Mullin and Morton violated his constitutional rights under 42 U.S.C. § 1986 by "fail[ing] to supervise, train, and discipline the staff" at OSP and that Defendants Brakensiek and Bingham violated his constitutional rights under 42 U.S.C. § 1986 by "fail[ing] to perform their required jobs...." Amended Complaint, at 3, 3E.

Defendants seek dismissal of the cause of action on the ground that Plaintiff has failed to exhaust administrative remedies with respect to his access to the courts and conspiracy

3

claims and Defendants seek dismissal of the Plaintiff's claims in counts two and three for failure to state a claim for relief. Defendants alternatively seek summary judgment as to Plaintiff's claim in count one of alleged denial of his right of access to the courts.

## II. Standard of Review

In considering a civil complaint filed by a prisoner, the court has the responsibility to screen a complaint in which the prisoner "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On review, the court must dismiss a prisoner's cause of action seeking relief from a governmental entity or officer or employee of a governmental entity at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the prisoner seeks monetary relief from a defendant who is immune from such a claim. 28 U.S.C. § 1915A(b). Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed *in forma pauperis* against any defendant at any time the court determines one of the above is present.

A motion to dismiss may be granted when the plaintiff has "failed to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).[1] In reviewing the sufficiency of the

---

[1]The "standard for dismissal for failure to state a claim is essentially the same under" both Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. §1915(e)(2)(B)(ii). Curley v. Perry, 246 F.3d 1278, 1283 (10th Cir.), cert. denied, 534 U.S. 922 (2001).

4

complaint, the court presumes all of the plaintiff's factual allegations to be true and construes them in the light most favorable to the plaintiff. Id. A *pro se* plaintiff's complaint must be broadly construed under this standard. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the "broad reading" of *pro se* complaints dictated by Haines "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall, 935 F.2d at 1110. The reviewing court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

Summary judgment may be granted only where the pleadings and any supporting documentary materials "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the court reviews the evidence and inferences drawn from the record in the light most favorable to the nonmoving party. Kaul v. Stephan, 83 F.2d 1208, 1212 (10th Cir. 1996); Calhoun v. Gaines, 982 F.2d 1470, 1472 (10th Cir. 1992); Manders v. State of Oklahoma, 875 F.2d 263, 264 (10th Cir. 1989). A dispute is "genuine" if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are "facts which might affect the outcome of the suit under the governing law." Id. Additionally, if the moving party demonstrates an absence of evidence regarding an issue on which the nonmoving party will bear the burden of proof at trial, the nonmoving party can defeat summary judgment only by designating with evidence outside of the pleadings "specific facts showing that there is a

5

genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A special report filed under the authority of Martinez, supra, is treated as an affidavit, and the plaintiff's complaint is treated as an affidavit as well if it alleges facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury. Hall, 935 F.2d at 1111.

III. Conspiracy to Violate Constitutional Rights

In counts two and three of the Amended Complaint, Plaintiff asserts that Defendants have conspired to violate his constitutional rights under 42 U.S.C. § § 1985 (2), 1985(3), and 1986. Defendants seek dismissal of counts two and three for failure to state a claim for relief. Title 42 U.S.C. § 1985(2) "contains four clauses that create four distinct causes of action...." Wright v. No Skiter Inc., 774 F.2d 422, 425 (10th Cir. 1985). Plaintiff recites two of the clauses in § 1985(2) in his Amended Complaint. These clauses allow a cause of action:

> C. if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizens the equal protection of the laws, or
> D. to injure him or his property for lawfully enforcing ... the right of any person, or class of persons, to the equal protection of the laws.

42 U.S.C. § 1985(2). The clauses require that the conspiracy be class-based. Howell v. Koch, No. 95-1263, 1995 WL 649776 (10th Cir. Oct. 30, 1995)(unpublished op.), cert. denied, 517 U.S. 1108 (1996).

Title 42 U.S.C. § 1985(3) prohibits persons from conspiring "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." "The essential elements

6

of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993). Section 1985(3), like § 1985(2), applies "only to conspiracies motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus." Id. (quotation omitted). Accord, Bisbee v. Bey, 39 F.3d 1096, 1102 (10th Cir. 1994). Both of these provisions require proof of a conspiracy, which "requires the combination of two or more persons acting in concert." Abercrombie v. City of Catoosa, 896 F.2d 1228, 1230 (10th Cir. 1990). In order to state a claim of a conspiracy, the plaintiff must allege "either by direct or circumstantial evidence, a meeting of the minds or agreement among the defendants." Id. at 1231.

Plaintiff's underlying premise for his conspiracy claims is that Defendants conspired to deny him his constitutional right of access to the courts. Plaintiff alleges that Defendant Brakensiek, in his capacity as the OSP law library supervisor, and Defendant Bingham denied his requests on several occasions for physical access to the law library or for access to "case law materials" so that he could conduct legal research in his cell, that Defendant Brakensiek also denied his request to use the word processor in the OSP law library after he was found guilty of a misconduct involving his possession of a "floppy disc" from the law library, and that Defendant Brakensiek denied his requests for "up-to-date" case law material. He generally alleges that Defendants Mullin and Morton "condoned" Defendants Brakensiek and Bingham's actions in their responses to his administrative grievances.

Nothing in the Amended Complaint creates any inference that Defendants have

7

conspired to deny Plaintiff his constitutionally-protected rights. The only actions by Defendant Mullin alleged in the Amended Complaint consist of Defendant Mullin's responses to Plaintiff's administrative grievances directed to Warden Mullin in his official capacity. The only actions by Defendant Morton alleged in the Amended Complaint consist of this Defendant's responses, in her official capacity as the designee for the DOC Director's office, to Plaintiff's administrative grievance appeals. There are also no facts alleged in the Amended Complaint showing that Defendants Brakensiek and Bingham reached an agreement to deprive Plaintiff of a constitutionally-protected right. Plaintiff's allegations in the Amended Complaint of a conspiracy are conclusory and without factual support of either an agreement or a class- or racially-based motivation. Accordingly, Plaintiff has failed to state a claim for relief under 42 U.S.C. §§ 1985(2) or 1985(3). See Hunt v. Bennett, 17 F.3d 1263, 1268 (10th Cir. 1994). Plaintiff's claims in count two of the Amended Complaint should therefore be dismissed with prejudice under 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B) for failure to state a claim for relief. See Curley v. Perry, 246 F.3d 1278, 1281-1282 (10th Cir. 2001)(dismissal with prejudice is proper where it is "'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.")(quotation omitted); Peoples v. Gilman, 109 Fed. Appx. 381, 2004 WL 2110719 (10th Cir. Sept. 23, 2004)(unpublished op.)(upholding dismissal with prejudice of claim under 42 U.S.C. § 1985(3) where plaintiff "alleged no [class-based] discriminatory animus").

Title 42 U.S.C. § 1986 "which provides an action for neglecting to prevent a violation

of Section 1985, is premised upon the existence of a valid Section 1985 claim." Abercrombie, 896 F.2d at 1230. Consequently, the dismissal of Plaintiff's claims under 42 U.S.C. §§ 1985(2) and 1985(3) for failure to state a claim for relief warrants the dismissal with prejudice pursuant to 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B) of his claim asserted in count three of the Amended Complaint alleging a violation of his rights under 42 U.S.C. § 1986.

IV. Exhaustion of Administrative Remedies

In 1995, the Prison Litigation Reform Act of 1995 ("PLRA") became effective. One provision of the PLRA, codified at 42 U.S.C. §1997e(a), directs that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This provision has been interpreted by the Supreme Court to apply "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion of administrative remedies under the PLRA is required for all inmates seeking relief in federal district court regardless of the type of relief available under the institutional administrative procedure. Booth v. Churner, 532 U.S. 731, 741 (2001). Section 1997e(a) "imposes a pleading requirement on the prisoner," who must "(1) plead his claims with 'a short and plain statement .... showing that [he] is entitled to relief,' in compliance with Fed. R. Civ. P. 8(a)(2), and (2) 'attach[ ] a copy of the applicable administrative dispositions to the

complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.'" Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003)(quoting Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000)). "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under §1997e." Id. (quotation omitted). "Defendants with a colorable argument based on lack of exhaustion ... may raise it in a dispositive motion, to be addressed promptly by the court." Id. at 1212. Under these circumstances, the "court may consider the attached administrative materials" provided by the Plaintiff, or if none are provided by the Plaintiff then the court may consider administrative materials or a declaration submitted by the Defendant. Id. The "PLRA contains a total exhaustion requirement," and "the presence of unexhausted claims in [a] complaint" requires the dismissal of the complaint without prejudice. Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004).

Defendants seek dismissal of Plaintiff's claim in count one of the Amended Complaint on the ground that Plaintiff has failed to exhaust available administrative remedies with respect to this claim.[2] DOC has a clearly-established, three-step administrative grievance procedure that must be completed by Oklahoma inmates. Special Report, att. 30. Plaintiff's

___
[2]Although Defendants also seek dismissal of the cause of action on the basis that Plaintiff has failed to exhaust administrative remedies with respect to his claim in count two of the Amended Complaint, the undersigned has recommended that the claim of a conspiracy in count two of the Amended Complaint, as well as the claim in count three of the Amended Complaint, be dismissed for failure to state a claim for relief. Thus, it is not necessary to address the issue of exhaustion of administrative remedies with respect to the Plaintiff's claims in counts two or three. 42 U.S.C. § 1997e(c)(2).

10

attachments to his Amended Complaint and exhibits to the Special Report reflect that Plaintiff persistently submitted Request to Staff forms to Defendants Brakensiek and Bingham in which he alleged that he was being denied his right of access to the courts by various actions taken by these Defendants. However, only some of the adverse responses received by Plaintiff concerning his requests for administrative relief were appealed to the OSP Warden and, ultimately, to the DOC Director, which is the final step of the administrative grievance process.

For the purpose of Defendants' motion, which is construed as a motion for summary judgment pursuant to Rules 12(b) and 56, the uncontroverted record reflects that Plaintiff exhausted his administrative remedies with respect to the following grievances:

(1) Request to Staff submitted March 14, 2005, to OSP Warden's Assistant Lee Mann complaining of a denial of access to case law material for research even though he is "sometimes" allowed physical access to the law library two days per week. Special Report, att. 31. Plaintiff specifically states that "Sgt. Bingham's refusal to allow me to check out research material on the days I'm not allowed in the law library, not only is an abuse of his authority, but it also intentionally interfears [sic] with my Constitutional Right to access to the courts." Id. In response to this Request to Staff, Plaintiff was advised that "[t]here is no need to provide case law if you are able to come to the law library to conduct your research." Id. Plaintiff filed a formal grievance with Defendant Warden Mullin with respect to this response. Plaintiff stated in this grievance that on March 10, 2005, he had submitted a request to the law library for "three (3) cases that was [sic] needed for research on pending

11

cases" and that on March 14, 2005, Defendant Bingham "denied my request for research material because I'm sometimes allowed in the law library." Special Report, att. 6. In Warden Mullin's response to this grievance, dated March 30, 2005, Defendant Mullin advised Plaintiff that he was being afforded physical access to the law library when his unit was scheduled for such access and that his "demand that unlimited copies of research materials be provided to you on days that your unit is not scheduled for visitation [to the law library] is denied, as is all other relief." Special Report, att. 7. Plaintiff appealed this response to the DOC Director's office, and Defendant Morton, in her capacity as the DOC Director's Designee, affirmed Defendant Mullin's decision. Special Report, att. 8.

(2) On March 14, 2005, Plaintiff submitted a Request to Staff to Defendant Brakensiek complaining that Defendant Brakensiek had refused to allow Plaintiff to use the computer for his legal work because he had received a misconduct on February 23, 2005. Special Report, att. 20. In response to this Request to Staff, Defendant Brakensiek advised Plaintiff that "[y]ou were found with a floppy disc in your possession which had files consisting of legal work. You were found guilty of that stated above. You abused the Law Library's security, hence, at my discretion, you will not be allowed to use the word processors." Id. Plaintiff submitted a formal grievance with respect to this response with Defendant Mullin, and Defendant Mullin denied relief. Special Report, atts. 9, 10. Plaintiff's administrative appeal of this response to the DOC Director's office was also denied by Defendant Morton in her capacity as the DOC Director's Designee. Special Report, att. 11.

(3) On March 31, 2005, Plaintiff submitted a Request to Staff form to Defendant

12

Brakensiek in which Plaintiff complained that Defendant Brakensiek had denied him physical access to the law library after being notified of four pending court deadlines. In this Request to Staff, Plaintiff asked why Defendant Brakensiek was "discriminating against me and denying me access to the courts by denying me access to the law library and research material (case law) [after] you were advised of a legal deadline." Special Report, att. 21. In response, Defendant Brakensiek advised Plaintiff that he had no deadline on file at the law library. Id. Plaintiff submitted a formal grievance to Defendant Warden Mullin with respect to this response. Special Report, att. 12. Defendant Mullin denied relief although Defendant Mullin stated that "[o]n April 13, 2005, you did provide the information and your deadline is now on file." Special Report, att. 13. Defendant Mullin also cautioned Plaintiff about possible disciplinary measures for any continuance of Plaintiff's inappropriate behavior "toward staff in the law library" that had been reported to the Warden. Id. Plaintiff appealed this decision to the DOC Director's office, and Defendant Morton, in her capacity as the DOC Director's Designee, affirmed the grievance decision. Special Report, att. 14.

(4) On April 6, 2005, Plaintiff submitted a Request to Staff to Defendant Brakensiek in which he complained that the books in the law library were "out-dated" and requesting that the books be "up-dated." Special Report, att. 22. In response, Defendant Brakensiek states that "Westlaw continually updates materials via internet." Id. Plaintiff filed a formal grievance with Defendant Mullin requesting up-dated "case law material" and that "the numerous amounts of complaints that you've received about Brakensiek" be "addressed..." Special Report, att. 15. In response, Defendant Mullin stated that only case law from the

13

Tenth Circuit is provided to inmates and this is "appropriate" since Plaintiff is only "allowed to work on Oklahoma criminal cases or conditions of confinement relevant to Oklahoma." Special Report, att. 16. Defendant Mullin noted that Defendant Brakensiek was following policy, that Plaintiff's demand for action with respect to this official was "unnecessary" and "inappropriate coming from an inmate," and that the grievance was denied. Id. Plaintiff's appeal of this grievance response was denied by Defendant Morton in her capacity as the DOC Director's Designee. Special Report, att. 17.

Plaintiff's claim in count one of the Amended Complaint of a denial of access to the courts is based on his allegations of "being denied adequate access to the O.S.P. law library and access to up-to-date case law materials by Defendants Brakensiek and Bingham, who's [sic] actions are being condoned and encouraged by there [sic] supervisors, Defendants Morton (Designee for Director) and Mullins [sic] (Warden)." Amended Complaint, at 3A. Because Plaintiff has exhausted administrative remedies with respect to these claims in the four grievances set forth above, Defendants' motions to dismiss the cause of action for failure to exhaust administrative remedies under 42 U.S.C. § 1997e with respect to the claim in count one should be DENIED.

V. Denial of Access to the Courts

In Bounds v. Smith, 430 U.S. 817 (1977), the Supreme Court recognized that inmates have a well-established constitutional right of access to the courts and that States must affirmatively assure that inmates are provided "meaningful access to the courts." Id. at 820-821, 824. Nevertheless, the Court recognized that its decision "does not foreclose alternative

14

means to achieve that goal," and that States may choose to provide prisoners "with adequate law libraries or adequate assistance from persons trained in the law" which will ensure that prisoners have "a reasonably adequate opportunity to present claimed violations of fundamental rights to the courts." Id. at 825, 828, 830. Because there is no "abstract, freestanding right to a law library or legal assistance," an inmate alleging a denial of his right of access to the courts must show actual injury and "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Lewis v. Casey, 518 U.S. 343, 351 (1996). Hence, the inmate must show that deficiencies in the law library or legal assistance program actually "hindered his efforts to pursue a legal claim" in order to establish a violation of his constitutional right of access to the courts. Id.

In his Amended Complaint, Plaintiff stated a claim for a deprivation of his constitutionally-protected right of access to the courts because he specifically alleged that "in at least two (2) instances, cases have been dismissed because the Plaintiff was unable to respond in a timely matter due to his lack of access to the law library and/or updated research materials." Amended Complaint, at 3A. Defendants have moved for summary judgment on this issue. In their dispositive motions, Defendants contend that Plaintiff has been provided more than sufficient access to the law library and legal resources and that Plaintiff has failed to allege the requisite injuries resulting from his multitude of allegations of insufficient physical access to the law library and inadequate law library resources.

It is not disputed that from February 2004 through June 12, 2005, Plaintiff was

15

provided direct physical access to the law library on a regular basis on 78 occasions. Exhibit

25 attached to the Special Report consists of copies of over 100 forms completed by Plaintiff

between January 12, 2004, and September 12, 2005, in which Plaintiff requests legal

materials, legal printing, and disbursement of legal costs from OSP law library officials. With

respect to the issue of injury, Plaintiff states the following in his Response to Defendants'

motions:

> Exhibits 25, at para. 2 and 3; Exhibit 26, at para. 2; Exhibit 27,
> at para. 3; Exhibit 28, at para. 3; and Exhibit 29, at para. 2 and
> 3, all clearly show how the Plaintiff has been hindered from
> persuing [sic] his legal issues in a timely manner due not only to
> the inadequacy of the O.S.P. Law Library, but also to the staffs
> frequent denying [sic] the Plaintiff access to the law library and
> updated case law materials. (See also, Exhibit 30).

Plaintiff's Response, at 9. Plaintiff states that the "limitations" placed on him in the use of

the OSP law library "do in fact hinder the Plaintiff from filing legal motions in a timely

manner, which is evident from Exhibits 25 through 29. In each case the Plaintiff was forced

to request enlargement of times due to limited access to the law library." Id.

Exhibits 25 through 29 attached to the Plaintiff's Response are copies of requests for

extension of time to file certain pleadings in five different cases filed by Plaintiff in state and

federal courts. Only four of these pleadings bear filing stamps indicating they were actually

filed with the court clerks in those four cases. One of the pleadings shows a file-stamped

date of May 21, 2004. Plaintiff's Response, Ex. 25. Another of the pleadings shows a file-

stamped date of January 19, 2005. Plaintiff's Response, Ex. 28. The remaining two

documents bear file-stamped dates in March and April of 2005. Plaintiff's Response, Exs.

16

27, 29. None of these exhibits reflect that Plaintiff was prevented from, or hindered in, pursuing any nonfrivolous legal claims as a result of actions taken by any Defendant. Each of the documents contain assertions that the Plaintiff needs additional time to file a pleading, a circumstance that is very common in litigation. Although Plaintiff asserts in these pleadings his subjective belief that he is not being provided adequate access to the OSP law library, the pleadings do not create an inference of a total or persistent lack of access to a law library or legal resources necessary to continue to litigate the cases. Certainly, none of these exhibits supports Plaintiff's allegation in his Amended Complaint that two cases were dismissed because of his inability to file timely responses as a result of lack of access to the law library or legal resources. Plaintiff asserts in his Response only that he was "forced to request" extensions of time to file pleadings in cases because of limited access to the law library. This statement, assuming without finding that it is true, fails to show the type of actual injury contemplated by Lewis and, thus, fails to overcome Defendants' motions for summary judgment. The documentary evidence provided by the parties, as well as information available to the public on the world wide web, reflects that Plaintiff filed numerous causes of action in state and federal courts during 2004 and 2005. The records of this Court, of which the undersigned takes judicial notice, reflect that a civil action filed by Plaintiff in this Court in 2004, Muhammad v. Ward, No. CIV-04-693-T, was dismissed without prejudice based on Plaintiff's failure to exhaust available administrative remedies. In another case filed by Plaintiff in this Court, Muhammad v. Calbone, No. CIV-04-688-T, the cause of action was dismissed without prejudice based on Plaintiff's failure to exhaust

17

available administrative remedies. Plaintiff appealed this decision, and in November 2005, the Tenth Circuit Court of Appeals issued a decision affirming this Court's dismissal of the action. Muhammad v. Calbone, No. 05-6169, 2005 WL 3196754 (10th Cir. Nov. 30, 2005)(unpublished op.). Plaintiff admits in his responsive pleading that he has six cases pending in various state and federal courts. An inmate's right of access to the courts does not extend beyond the provision of legal assistance for the preparation of initial pleadings in a civil rights action involving conditions of confinement or a petition for a writ of habeas corpus. Wolff v. McDonnell, 418 U.S. 539, 576 (1974); Carper v. DeLand, 54 F.3d 613, 617 (10th Cir. 1995). The volume of litigation being pursued by Plaintiff in this and other courts during 2004 and 2005 does not support his claim of a denial of his right of access to the courts. To the contrary, the large number of cases filed by Plaintiff in this time period demonstrates that he has been provided more than adequate legal resources during his confinement at OSP. The isolated instances in which Plaintiff has filed motions requesting extensions of time to file pleadings in four separate cases do not, without more, demonstrate an actual injury that "hindered his efforts to pursue a legal claim," as contemplated by Lewis, 518 U.S. at 346, 351. Given the undisputed record of OSP officials' continued and frequent provision to Plaintiff of physical access to the law library and to legal resources, and in light of Plaintiff's failure to clearly demonstrate a single instance in which his efforts to pursue a legally nonfrivolous claim were substantively and adversely hindered, there is no material issue of fact for trial with respect to Plaintiff's claim of a denial of his constitutionally-protected right of access to the courts. Consequently, Defendants are entitled to summary

18

judgment with respect to this claim and their motions for summary judgment as to the claim in count one of the Amended Complaint should be granted.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that with respect to Plaintiff's claim in count one Defendants' Motions to Dismiss (Docs. #21, 25) for failure to exhaust administrative remedies be DENIED, that Defendant Morton's Motion for Summary Judgment (Doc. #21) be GRANTED, and that Defendants Mullin, Bingham, and Brakensiek's Motion for Summary Judgment (Doc. # 25) be GRANTED, and judgment issue in favor of these Defendants on this claim. It is further recommended that with respect to Plaintiff's claims in counts two and three Defendant Morton's Motion to Dismiss (Doc. # 21) be GRANTED and Defendants Mullin, Bingham, and Brakensiek's Motion to Dismiss (Doc. # 25) be GRANTED and that the claims be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b), 28 U.S.C. § 1915A(b), and 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief. Plaintiff is notified that a dismissal of this cause of action pursuant to 28 U.S.C. §1915A or §1915(e)(2)(B) constitutes one "strike" pursuant to 28 U.S.C. §1915(g). Plaintiff's Request for Evidentiary Hearing (Doc. # 40) is DENIED. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ____ January 30ᵗʰ ____, 2006, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues

19

contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned

Magistrate Judge in the captioned matter.

ENTERED this __10th__ day of ___January___, 2006.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE

20

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AB'DULLAH LAMAR RASHID | ) |
| MUHAMMAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-05-713-T |
| | ) |
| DEBBIE MORTON, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is Plaintiff's *pro se* "Motion for Enlargement of Time and Request for Order Directing Defendants to Allow the Plaintiff Access to the Law Library", filed March 13, 2006. The Court has twice extended the time period for Plaintiff to file an objection to the Report and Recommendation issued by United States Magistrate Judge Gary M. Purcell on January 10, 2006. The most recent extension was granted by the Court *sua sponte* when denying a motion substantially similar to the present one.[1] In so doing, the Court expressly cautioned: "Absent extraordinary circumstances, this is the final extension." (Order of Feb. 27, 2006 [Doc. 49].)

Plaintiff's current motion does not set forth any extraordinary circumstance. To the contrary, Plaintiff merely repeats a request, previously rejected, that the Court order the law library supervisor at Oklahoma State Penitentiary to give him physical access to the library. By Order of February 27, 2006, the Court found such relief to be unwarranted but, instead, granted Plaintiff additional time. Plaintiff has now received more than sixty days to file an objection. He alleges no new or additional

---

[1] "Motion to Stay Proceedings, and Request for Order Requiring the Defendants to Show Cause as to Why Plaintiff Is Being Denied Access to Law Library," filed Feb. 15, 2006 [Doc. 47].

circumstance that might render a sixty-day period insufficient.[2]  Thus the Court finds Plaintiff has received ample time to file an objection, and no further extension will be granted.

The final deadline for Plaintiff to make a written response to Judge Purcell's Report was March 10, 2006. Plaintiff received repeated notices that failure to file a timely, written objection would waived further review. (Report, at 19-20; Order 1/31/06, at 2; Order 2/27/06, at 2.) Because Plaintiff has failed to file any specific objection, he has waived review of factual and legal issues. For this reason, the Court finds that the Report and Recommendation should be adopted.

Moreover, in an abundance of caution, the Court has conducted a de novo review of the case file and the issues on which Judge Purcell makes a recommendation unfavorable to Plaintiff. *See* 28 U.S.C. § 636(b) (timely objection mandates a de novo determination of specified issues); *see also* Fed. R. Civ. P. 72(b) (same). This review reveals the Amended Complaint asserts three claims: Count I, a claim under 42 U.S.C. § 1983 of denial of access to the courts (access to the law library and current research materials); Count II, a claim under 42 U.S.C. § 1985 of conspiracy to deny Plaintiff of constitutional rights (access to courts); and Count III, a claim under 42 U.S.C. § 1986 of failure to prevent a constitutional violation (as alleged in Count I). Judge Purcell correctly concludes as to Counts II and III that each fails to state a claim for relief and should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1). Judge Purcell also correctly concludes that Defendants are entitled to summary judgment on Count I. Notwithstanding Plaintiff's current allegations that he has been refused law library access in recent months, the record

---

[2] According to statements by Plaintiff, this case presents his only outstanding court deadline. In the present motion, Plaintiff states his other cases "are currently in limbo." (Motion, at 3, ¶ 10.) In a prior motion, Plaintiff requested an order stating a firm deadline because this allegedly was a prerequisite to gaining access to the law library; the request assumed he had no other court deadlines. (Motion for Extension of Time filed 1/27/06 [Doc. 45], at 2, ¶ 7.)

plainly shows he was regularly provided physical access to the law library on 78 occasions between February, 2004, and the filing of this case in June, 2005, and that he was able to pursue numerous civil claims during that time.

No federal case filed in that period failed on the merits; each was dismissed due to Plaintiff's failure to exhaust administrative remedies. *See Muhammad v. Ward*, Case No. CIV-04-693-T, Order (W.D. Okla. Oct. 20, 2004); *Muhammad v. Calbone*, Case No. CIV-04-688-T, Order (W.D. Okla. May 2, 2005), *aff'd*, No. 05-6169 (10th Cir. Nov. 30, 2005); *Muhammad v. Berry*, Case No. CIV-04-467-S, Order (E.D. Okla. Feb. 8, 2006), *appeal pending*, No. 06-7021 (10th Cir.) One state court case was dismissed for failure to pay the required court fees. *Muhammad v. Morton*, Case No. CJ-2005-1614, Order (Okla. County, Okla. June 2, 2005), *appeal pending*, No. 102,258 (Okla.). Another case remains pending. *Muhammad v. Guilfoyle*, Case No. CJ-2004-9460 (Okla. County, Okla.). Plaintiff admits filing two other state cases during that time. (Pl.'s Resp. Defs.' Motions Dismiss/Summ. J. [Doc. 39] at 5, n.1.) One involved a petition for a writ of mandamus, which was denied. *Muhammad v. Calbone*, Case No. CJ-2004-41, Order (Caddo County, Okla. Feb. 2, 2005). The nature and status of the other is unknown. *See Muhammad v. Berry*, Case No. C-2004-1255 (Pittsburg County , Okla.). Regardless of the outcome, however, these facts demonstrate Plaintiff was not denied access to the courts as alleged. Defendants are therefore entitled to summary judgment on Count 1.

For these reasons, Plaintiff's Motion for Enlargement of Time and Request for Order Directing Defendants to Allow the Plaintiff Access to the Law Library [Doc. 50] is DENIED. The Report and Recommendation [Doc. 44] is ADOPTED in its entirety. Defendants' Motions to Dismiss/Motions for Summary Judgment [Doc. 21 & 25] are GRANTED as set forth herein.

3

Defendants are entitled to summary judgment on Count I and dismissal of Counts II and III of the

Amended Complaint. A separate judgment will be entered.

IT IS SO ORDERED this 15th day of March, 2006.

RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE

4

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| AB'DULLAH LAMAR RASHID | ) |
| MUHAMMAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-05-713-T |
| | ) |
| DEBBIE MORTON, et al., | ) |
| | ) |
| Defendants. | ) |

## JUDGMENT

Pursuant to the Order adopting Judge Purcell's Report and Recommendation, summary judgment is entered in favor of all Defendants on Count I of the Amended Complaint. Counts II and III of the Amended Complaint fail to state a claim for relief and are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and 28 U.S.C. § 1915A(b)(1).

Entered this 15th day of March, 2006.

RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

AB'DULLAH LAMAR RASHID
MUHAMMAD,

Plaintiff - Appellant,

v.

DEBBIE MORTON, MIKE MULLIN,
Warden; ROCKY BINGHAM, Sgt.
OSP; WAYNE BRAKENSICK, Law
Library Supervisor,

Defendants - Appellees.

No. 06-6122
(D.C. No. CIV-05-713-T)

A true copy
Teste

Clerk, U. S. Court of
Appeals, Tenth Circuit

By

## ORDER

Filed July 31, 2006

Before **TACHA**, Chief Judge, and **BRISCOE** and **TYMKOVICH**, Circuit Judges.

The plaintiff has waived the right to any review of the magistrate's report and recommendation because he failed to file objections to the report. Accordingly, we deny him leave to proceed on appeal without prepayment of fees, and dismiss this appeal. *See Caravalho v. Pugh*, 177 F.3d 1177 (10th Cir. 1999) (a party must demonstrate "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," to be granted leave to proceed on appeal without

prepayment of fees).

The plaintiff filed a civil rights action alleging that he was being denied access to the courts because the defendants denied him use of the prison law library and access to legal materials. The magistrate judge to whom the matter had been referred recommended that judgment be entered in favor of the defendants. Although the magistrate advised the plaintiff that failure to file objections by a certain date would result in the waiver of further review, he did not file any objections even the district court granted him two extensions of time to file objections. The district court adopted the magistrate's recommendation.

Failure to timely object to a magistrate judge's recommendation results in waiver of appellate review of both factual and legal issues. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164-65 (10th Cir. 1986). However, "[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate." *Moore*, 950 F.2d at 659.

The plaintiff contends that he did not file objections because the defendants denied him access to the prison law library. We have reviewed the record and conclude that the plaintiff does not meet the "interests of justice" exception to the waiver rule. *See Morales-Fernandez v. INS*, 418 F.3d 1116, 1119-20 (10th Cir. 2005) ("'[I]nterests of justice' is a rather elusive concept. We have, however, enumerated several factors this court has considered in determining whether to invoke the exception. For instance, a pro se litigant's effort to comply, the force and

2

plausibility of the explanation for his failure to comply, and the importance of the issues raised are all relevant considerations in this regard.").

Accordingly, permission to proceed on appeal in forma pauperis is **DENIED** and the appeal is **DISMISSED**. The mandate shall issue forthwith.

Entered for the Court
ELISABETH A. SHUMAKER, Clerk

by:

Ellen Rich Reiter
Deputy Clerk/Jurisdictional Attorney

3

# ATTACHMENT 2

*Muhammad v. Cody*, No. CIV-92-1963-W (W.D. Okla. May 21, 1993).

- Findings and Recommendation entered March 11, 1993.
- Supplemental Findings and Recommendation entered April 29, 1993.
- Order dismissing action, entered May 21, 1993.
- Judgment entered on May 21, 1993.

IN THE UNITED STATES DISTRICT COURT FOR **FILED**

THE WESTERN DISTRICT OF OKLAHOMA     MAR 1 1 1993

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

Y. ABDULLAH LAMAR RASHID MUHAMMAD,  )
                                     )
            Plaintiff,               )
                                     )
v.                                   )          CIV-92-1963-W
                                     )
MIKE CODY, Warden, et al.,           )
                                     )
            Defendants.              )

DOCKETED

## FINDINGS AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

This is a civil rights action pursuant to 42 U.S.C. §1983 by an Oklahoma inmate proceeding *pro se* and *in forma pauperis*. The Plaintiff names as Defendants the Warden and four other officials of the Lexington Assessment and Reception Center (L.A.R.C.) where Plaintiff is incarcerated, as well as Tom Lovelace, an official of the Oklahoma Department of Corrections. Plaintiff alleges that the Defendants have "conspired to deprive and deny the Plaintiff of his constitutional right to inmate access to the courts" and have inflicted "cruel and unusual punishment" upon him. For these alleged constitutional deprivations, Plaintiff seeks over $1,000,000.00 in compensatory and punitive damages relief.

Respondents have moved to dismiss the cause of action under Fed. R. Civ. P. 12(b)(6), 28 U.S.C.A., and 28 U.S.C. §1915(d). In compliance with the Order entered October 1, 1992, a special report has been compiled by the Oklahoma Department of Corrections. See Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978). The cause has been



referred in accordance with 28 U.S.C. §636(b)(1)(B) for the submission of findings and a recommendation for disposition. Plaintiff has responded to the motion to dismiss and to the special report.

A complaint is insufficient under Fed. R. Civ. P. 12(b)(6), 28 U.S.C.A., if, accepting the allegations as true, it appears that the Plaintiff can prove no set of facts in support of his claim entitling him to relief. Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, 927 F.2d 1111, 1115 (10th Cir. 1991). In considering the sufficiency of the complaint, the plaintiff's allegations must be viewed in the light most favorable to the plaintiff. Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991). Additionally, a complaint is frivolous and subject to dismissal under 28 U.S.C. §1915(d) when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Accord, Phillips v. Carey, 638 F.2d 207 (10th Cir.), cert. denied, 450 U.S. 985 (1981).

The facts as alleged in the complaint are that Plaintiff went to the Lexington Correctional Center's "leisure/law" library on September 16, 1992, in order to prepare a response in a §1983 lawsuit brought by three fellow inmates at Lexington Correctional Center (identified as Young v. Fields, CIV-92-1794-R).[1] Plaintiff alleges he was informed by Defendant Paul Hierl, the prison's Library Technician, that he could not remain in the library, and alleges Defendant Robert Jarrett, the principal of the prison's school program, also informed Plaintiff that he had to leave the library. Plaintiff made a telephone call to

---

[1] Plaintiff alleges he is "listed as counsel of record for the Plaintiffs in CIV-92-1794-R."

2

the court clerk's office in this Court and then returned to the typewriter he was using in the prison library for the purpose of preparing the same legal work. A correctional officer, Mr. Wendell Davis, was called by Defendants Hierl and Jarrett, and Officer Davis escorted Plaintiff to the Central Control (core) building where Plaintiff was placed in a holding cell.

When Defendant Warden Cody and Defendant Charles Townsend, the Chief of Security for the prison, came through the Central Control building, Plaintiff alleges he informed them he had a "legal deadline" but these Defendants refused to help him. Defendant Tom Lovelace, the Inspector General for Oklahoma Department of Corrections, also walked through the Central Control building and also ignored Plaintiff's request for help. Defendant James McKenna, Captain of Security, informed Defendant Lovelace that Plaintiff was being charged with a rule violation. Plaintiff was informed approximately one hour after being placed in the holding cell that he was charged with a disciplinary infraction for threatening the life of a staff member. Plaintiff was then taken to the restrictive housing unit and issued a written misconduct report.

Plaintiff alleges he "is still being held [in restrictive housing] and . . . the Defendants are denying the Plaintiff access to any of his legal files that pertain to CIV-92-1794-R and other pending civil and criminal cases." Plaintiff alleges Defendants' conduct is "a deliberate attempt to prevent Plaintiff from making the [court-ordered] deadline [in CIV-92-1794-R] and to prevent Plaintiff from having any access whatsoever to the courts."

3

As is so often the case with *pro se* prisoner civil rights complaints concerning their treatment during incarceration, the complaint lacks factual details and circumstances necessary to gauge the constitutionality of the prison officials' conduct. The special report is therefore an invaluable judicial resource. However, "[a]lthough a court may consider the Martinez report in dismissing a claim pursuant to §1915(d), . . . it cannot resolve material disputed facts by accepting the report's factual findings when they are in conflict with pleadings or affidavits." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).

The special report reveals that since Plaintiff's incarceration in 1989, he has been charged with 11 institutional infractions, the majority of which involve acts of disobedience and disruptive or menacing behavior. Defendants Hierl and Jarrett aver in their affidavits that there are nine typewriters in the law library, but that Plaintiff was using a typewriter purchased with federal grant money and restricted to recreational use. They aver that a sign on the typewriter explains this restriction.[2] Plaintiff was ordered to quit using the restricted typewriter for his legal work but Plaintiff refused, and a security officer was called to escort Plaintiff from the library. On the way out of the library, Plaintiff threatened to "cut . . . up" Defendant Hierl, and Hierl filed a misconduct report against Plaintiff for menacing. The L.A.R.C. law library supervisor avers that on September 16, 1992, Plaintiff asked about the restricted typewriter and was informed that no legal work

---

[2] The special report contains a letter authored by the Oklahoma Department of Libraries' Consultant for Institutions, dated October 13, 1992, stating that "the rule that we have set up at ODL still applies, no legal work is to be done on the typewriter in the leisure library. They have machines for this purpose in the law library."

4

could be performed on that typewriter. Plaintiff was also informed that the law library typewriters were in use at the time although Plaintiff could use one of the law library typewriters when one became available.

A disciplinary hearing was conducted on September 23, 1992, and Plaintiff was found guilty of the institutional offense of menacing. Plaintiff was sentenced to 20 days in disciplinary housing and the loss of 60 days earned credits, suspended for 90 days. The suspended sentence for a previous disciplinary infraction (loss of 30-days earned credits) for Individual Disruptive Behavior, entered on September 2, 1992, was revoked at the time of the disciplinary hearing on the menacing charge.

The standard governing an inmate's claim of denial of access to the courts is well established.

> The constitutional right of access to the courts is guaranteed by the Due Process Clauses of the Fifth and Fourteenth Amendments. Ward v. Kort, 762 F.2d 856, 858 (10th Cir. 1985). As stated by the Supreme Court, that right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977). Conversely, prison officials may not affirmatively hinder a prisoner's efforts to construct a nonfrivolous appeal or claim. "Any deliberate impediment to access [to the courts], even a delay of access, may constitute a constitutional deprivation." Jackson v. Procunier, 789 F.2d 307, 311 (5th Cir. 1986).

Green v. Johnson, 977 F.2d 1383, 1389 (10th Cir. 1992). Additionally, "[p]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts." Smith v. Mashner, 899 F.2d 940, 947 (10th Cir. 1990).

5

Plaintiff alleges Defendants interfered with his right of access to the courts by preventing him from assisting other inmates in litigating their pending civil rights lawsuit. Plaintiff "does not have a protected interest in providing legal representation to other inmates." Id. at 950. Therefore, Plaintiff has no standing to assert a cause of action based on the constitutional right of access to the courts where he is not asserting that the other inmates' right of access to the courts was affected. See Adams v. James, 784 F.2d 1077, 1080 (11th Cir. 1986)(in non-class-action context a prisoner has no standing to litigate another prisoner's claim of denial of access to the courts). Plaintiff surmises that Defendants Hierl and Jarrett "were deliberately attempting to prevent Plaintiff from completing a September 23, 1992, deadline in CIV-92-1794-R," but Plaintiff does not allege that any restriction placed on his use of the library actually hindered or prevented the parties named in the lawsuit from preparing and filing a pleading. See Twyman v. Crisp, 584 F.2d 352, 357 (10th Cir. 1978)(inmate required to show he has been prejudiced in his lawsuits by inability to use library or other resources). Plaintiff's claim that he was prevented from assisting other inmates in their litigation is based on an "indisputably meritless legal theory," and therefore subject to dismissal as a frivolous claim. Neitzke v. Williams, supra at 327.[3]

---

[3] The Court's records show that Plaintiff filed several pleadings in Young v. Fields, CIV-92-1794-R which were *sua sponte* stricken from the record. Plaintiff was signing and filing the pleadings himself as the "counsel of record" for the *pro se* inmate plaintiffs, contravening 28 U.S.C. §1654, Fed. R. Civ. P. 11, 28 U.S.C.A., and Local Court Rule 21.

6

It is not alleged that any procedural protections related to the disciplinary proceedings against Plaintiff were lacking, and there was some evidence to support the finding of guilt in the disciplinary proceeding. Superintendent v. Hill, 472 U.S. 445, 454 (1985). The Supreme Court has emphasized that "[p]rison officials must be free to take appropriate action to ensure the safety of inmates and corrections personnel . . ." Bell v. Wolfish, 441 U.S. 520, 547 (1979). "[P]lacing an inmate in segregation as a preventive measure does not necessarily violate the Eighth Amendment." Bailey v. Shillinger, 828 F.2d 651, 653 (10th Cir. 1987). "Such a decision falls within a prison official's broad administrative and discretionary authority to manage and control the prison institution." Id. Plaintiff has no independent due process interest in being free from confinement pending a disciplinary hearing. See Hewitt v. Helms, 459 U.S. 460, 468 (1983); Bailey v. Shillinger, supra at 652. Plaintiff has failed to state a claim for §1983 relief as a result of the prison officials' placement of Plaintiff in nonpunitive segregation.

Although Plaintiff has no standing to claim retaliation for exercising his right of access to the courts, the Eleventh Circuit Court of Appeals has recognized that inmates have a First Amendment right of expression or association.

> Associational rights are necessarily curtailed by imprisonment. Jones v. North Carolina Prisoners' Union, 433 U.S. 119, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977). Yet some expression by inmates will be found to be at the core of the protections of the first amendment. Litigation undertaken in good faith by a prisoner motivated to bring about social change and protect constitutional rights in the prison is a "form of political expression" and "political association" much as the Supreme Court has held litigation to be for certain organization outside the prison setting . . . A properly stated first

7

amendment claim by an inmate does not fail simply because the allegedly protected activities were conducted on behalf of others. The right of free expression is cherished for its force as an agent of social change and not only as a right of self-interested individuals.

Adams v. James, supra at 1081. Such "first amendment rights are identified by balancing the right asserted against the need of the prison for discipline." Id. at 1082. The judicial inquiry is "whether a prisoner has pleaded facts that, in light of the limitations on prisoner's first amendment rights, state a claim that prison officials have retaliated for the exercise of core first amendment rights." Id.

The Court's records show that the lawsuit, Young v. Fields, CIV-92-1794-R, which Plaintiff claims was the underlying reason for the retaliatory conduct, involved other inmates' claim that they should be exempted from the operation of the Inmate Grooming Code, D.O.C. Policy No. OP-090126 (effective January 14, 1992). The complaint did not seek to alleviate an unconstitutional prison condition, but to obtain judicial review of the denial of one inmate's exemption application. Many similar claims are being filed in this and other federal courts in Oklahoma seeking review of the denial of their grooming code exemption applications. However, the D.O.C. grooming code policy itself has been accepted as a "facially valid" regulation. See Longstreth v. Maynard, 961 F.2d 895, 902 (10th Cir. 1992). Thus, these claims merely seek judicial review of the inmates' personal and factually-specific exemption applications. Consequently, it cannot be said that Plaintiff was exercising a core first amendment right in assisting the inmates in their lawsuit.

8

Plaintiff's claim that Defendants retaliated against him for the exercise of a protected activity is therefore without a factual or legal basis, and it is frivolous.

Plaintiff makes a separate allegation of denial of access to the courts after he was placed in the restrictive housing unit. Plaintiff alleges that Defendants "refused to bring Plaintiff his legal material . . . for approximately one (1) week after his confinement in restrictive housing, and in fact, illegally opened Plaintiff's legal mail without authorization . . . " See "Brief in Support of Plaintiff's Motion to Overrule Defendants' Motion to Dismiss," at 6.

The special report shows Plaintiff was in restrictive housing from September 16, 1992, until October 15, 1992. It is the policy of the Oklahoma Department of Corrections, No. OP-090115 (effective January 10, 1992), to provide inmates in restricted areas with either direct access to the law library or visits five days per week by a member of the law library staff or an inmate research assistant. These visits must be documented and logged. Attachment K to Special Report. The individual restrictive housing log for Plaintiff shows Plaintiff was visited on several occasions by inmate law clerks, received legal mail, requested and received photocopies of an "Order & Recommendation, CIV-92-1794-R," "Notice of Int. to Appeal CIV-92-1794-R," and a "Civil Rights Complaint," received civil pleading and process forms, and received legal books on several occasions, delivered by the inmate law clerk.

9

Prisoners have the due process right to "meaningful," not total or unlimited, access to the courts. Bounds v. Smith, 430 U.S. 817, 822 (1977); Ramos v. Lamm, 639 F.2d 559, 583 (10th Cir. 1980), cert. denied, 450 U.S. 1041 (1981). This lawsuit was filed during Plaintiff's confinement in the restrictive housing unit, and Plaintiff has not alleged any prejudice as a result of the delay he alleges in receiving unidentified legal materials. Although Plaintiff may not have been provided with all of the legal materials he desired, he has not been denied access to the courts where he has not been prejudiced in any lawsuit by an inability to use the library or legal resources. Twyman v. Crisp, supra at 357. Plaintiff provides no factual details concerning his allegation that his legal mail was opened "without authorization." Even assuming that someone at the facility opened one piece of Plaintiff's constitutionally protected legal mail, this isolated incident does not amount to a constitutional deprivation. Smith v. Maschner, supra at 944. Moreover, Plaintiff's wholly unsupported allegation of a conspiracy to deprive him of his right of access to the courts fails to state a claim for §1983 relief. See Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989)(conclusory allegations of conspiracy are insufficient to state valid §1983 claim).

Accordingly, the undersigned recommends that judgment issue dismissing the cause of action under 28 U.S.C. §1915(d) and Fed. R. Civ. P. 12(b)(6). Because further review of the claims is not warranted in light of the foregoing finding of frivolity, the undersigned recommends that leave to proceed on appeal *in forma pauperis* be denied. By law, the

10

parties are granted until the 25th day of March, 1993, within which to file an appeal/objection, failing which this may become the final Order of the Court without further notice. This enlargement of the statutory period of time obviates the need for any motion for an extension of time.

Entered this 11th day of March, 1993.

RONALD L. HOWLAND
UNITED STATES MAGISTRATE JUDGE

11

**FILED**

APR 2 9 1993

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

Y. ABDULLAH LAMAR RASHID MUHAMMAD,       )
                                          )
            Plaintiff,                    )
                                          )
v.                                        )        CIV-92-1963-W
                                          )
MIKE CODY, Warden, et al.,                )
                                          )
            Defendants.                   )



### SUPPLEMENTAL FINDINGS AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

This matter has been recommitted to the undersigned by United States District Judge

Lee West to clarify the grounds for dismissal of the Plaintiff's cause of action as set forth

in the Findings and Recommendation of United States Magistrate Judge entered on

March 11, 1993.

On January 5, 1993, an Order was entered granting the Plaintiff an extension of

time to respond to Respondents' motion to dismiss, and informing Plaintiff the motion

would be treated as a motion for summary judgment under Fed. R. Civ. P. 56. Plaintiff

subsequently responded with accompanying affidavits and documentary materials. In the

Findings and Recommendation previously entered, each of Plaintiff's claims were reviewed.

The Plaintiff's claims (1) that Defendants interfered with his right of access to the courts

by preventing him from assisting other inmates in their litigation; and (2) that Defendants

retaliated against him for exercising his right of access to the courts were dismissed as

frivolous under §1915(d). The Plaintiff's claim of a conspiracy to deprive him of his right of access to the courts was dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for §1983 relief. The Findings and Recommendation previously entered are adopted and reaffirmed with regard to these claims.

The Plaintiff's remaining claims (1) that his constitutional rights were violated by his placement in segregated housing following the filing of a disciplinary charge against him; and (2) that while he was in restrictive housing Defendants refused to bring him unidentified "legal material" and "legal files" and "illegally opened" unspecified "legal mail," were dismissed under Fed. R. Civ. P. 12(b)(6). Because the Martinez report was considered in recommending dismissal of these claims, the undersigned vacates the portion of the Findings and Recommendation solely as to the recommendation that these claims be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Summary judgment is proper where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c), 28 U.S.C.A. In consideration of the findings previously entered with regard to these two claims, Plaintiff has failed to present any evidence creating a genuine issue of material fact regarding his allegation that his placement in segregated housing was other than a nonpunitive measure within the discretion of prison officials when a disciplinary charge is filed and pending a disciplinary hearing. Plaintiff has also failed to present any evidence creating a genuine issue of material fact regarding his claim of denial of his right of access

2

to the courts by either delaying his access to "legal materials" or opening his "legal mail" during his confinement in restrictive housing. Accordingly, Defendants are entitled to summary judgment as to these claims.

Accordingly, the undersigned recommends that judgment issue dismissing the cause of action based upon the foregoing findings. Because further review of the claims is not warranted and an appeal of the matter would not be well taken, the undersigned recommends that leave to proceed on appeal *in forma pauperis* be denied. By law, the parties are granted until the 13th day of May, 1993, within which to file an appeal/ objection, failing which this may become the final Order of the Court without further notice. This enlargement of the statutory period of time obviates the need for any motion for an extension of time.

Entered this 29th day of April, 1993.

RONALD L. HOWLAND
UNITED STATES MAGISTRATE JUDGE

3

FILED

MAY 21 1993

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ JW _____ DEPUTY.

DOCKETED

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

Y. ABDULLAH LAMAR RASHID )
MUHAMMAD, )
                              )
            Plaintiff, )
                              )
vs. )                           No. CIV-92-1963-W
                              )
MIKE CODY, Warden, et al., )
                              )
            Defendants. )

# O R D E R

On April 29, 1993, Magistrate Judge Ronald L. Howland issued
Supplemental Findings and Recommendation of United States
Magistrate Judge ("Supplemental Findings and Recommendation"). In
the Supplemental Findings and Recommendation, Magistrate Judge
Howland recommended that Plaintiff's claims (1) that Defendants
interfered with Plaintiff's right of access to the courts by
preventing him from assisting other inmates in their litigation and
(2) that Defendants retaliated against Plaintiff for exercising his
right of access to the courts be dismissed as frivolous under 28
U.S.C. § 1915(d). Magistrate Judge Howland also recommended that
Plaintiff's claim of a conspiracy to deprive Plaintiff of his right
of access to the courts be dismissed under Rule 12(b)(6), Fed. R.
Civ. P. He further recommended pursuant to Rule 56, Fed. R. Civ.
P., that judgment issue in favor of Defendants on Plaintiff's
claims (1) that Plaintiff's constitutional rights were violated by
his placement in segregated housing following the filing of a
disciplinary charge against him and (2) that while Plaintiff was in
restrictive housing Defendants refused to bring him unidentified
"legal material" and "legal files" and "illegally opened"

unspecified "legal mail." Finally, Magistrate Judge Howland recommended that any leave to proceed on appeal _in forma pauperis_ be denied.

The court file reflects that Plaintiff has not objected to the Supplemental Findings and Recommendation. Pursuant to 28 U.S.C. § 636(b), the Court has conducted a _de novo_ review of this matter. Having done so, the Court ADOPTS Magistrate Judge Howland's Findings and Recommendation except for his recommendation regarding leave to proceed on appeal _in forma pauperis_.

Accordingly, the Court DISMISSES Plaintiff's claims (1) that Defendants interfered with Plaintiff's right of access to the courts by preventing him from assisting other inmates in their litigation and (2) that Defendants retaliated against him for exercising his right of access to the courts as frivolous under 28 U.S.C. § 1915(d). The Court also DISMISSES Plaintiff's claim of a conspiracy to deprive him of his right of access to the courts pursuant to Rule 12(b)(6), Fed. R. Civ. P. In addition, the Court GRANTS summary judgment pursuant to Rule 56, Fed. R. Civ. P., in favor of Defendants on Plaintiff's claims that his constitutional rights were violated by his placement in segregated housing following the filing of a disciplinary charge against him and (2) that while Plaintiff was in restrictive housing Defendants refused to bring him unidentified "legal material" and "legal files" and "illegally opened" unspecified "legal mail." The Court GRANTS Plaintiff leave to proceed _in forma pauperis_ on appeal.

ENTERED this __21ᵗ__ day of May, 1993.

LEE R. WEST
UNITED STATES DISTRICT JUDGE
ENTERED IN JUDGEMENT DOCKET ON 5-21-93



FILED

MAY 21 1993

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

Y. ABDULLAH LAMAR RASHID        )
MUHAMMAD,                       )
                                )
            Plaintiff,          )
                                )
vs.                             )        No. CIV-92-1963-W
                                )
MIKE CODY, Warden, et al.,      )
                                )
            Defendants.         )

DOCKETED

## J U D G M E N T

Having dismissed certain claims of Plaintiff and having decided that Defendants are entitled to summary judgment on Plaintiff's claims (1) that Plaintiff's constitutional rights were violated by his placement in segregated housing following the filing of a disciplinary charge against him and (2) that while Plaintiff was in restrictive housing Defendants refused to bring him unidentified "legal material" and "legal files" and "illegally opened" unspecified "legal mail,"

It is ORDERED and ADJUDGED that judgment be entered in favor of Defendants and against Plaintiff on the claims (1) that Plaintiff's constitutional rights were violated by his placement in segregated housing following the filing of a disciplinary charge against him and (2) that while Plaintiff was in restrictive housing Defendants refused to bring him unidentified "legal material" and

"legal files" and "illegally opened" unspecified "legal mail." This action is dismissed on the merits.

DATED at Oklahoma City, Oklahoma, this 21st day of May, 1993.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

**ENTERED IN JUDGEMENT DOCKET ON** 5-21-93

# ATTACHMENT 3

***Muhammad v. Bellmon***, No. CIV-90-1608-R (W.D. Okla. Jan. 17, 1991).

- Memorandum Opinion dismissing action, entered January 17, 1991.
- Judgment entered January 17, 1991.

IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

**F I L E D**

JAN 17 1991

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT WESTERN DIST. OF OKLA
BY _____ , DEPUTY

A.L. RASHID MUHAMMAD, )
)
Plaintiff, )
)
v. )                                    CIV-90-1608-R
)
HON. HENRY BELLMON, et al., )
)                                       **DOCKETED**
Defendants. )

## MEMORANDUM OPINION

A civil rights complaint has been filed under the authority of 42 U.S.C. §1983 and its jurisdictional counterpart, 28 U.S.C. §1343(3), against the Governor of the State of Oklahoma (Bellmon), the Director of the Oklahoma Department of Corrections (Maynard), as well as the Warden (Reynolds), a senior case manager (Riddle) and correctional officer (Smith) at the Mack H. Alford Correctional Center, Stringtown, Oklahoma.

The complaint was filed *in forma pauperis* as permitted by 28 U.S.C. §1915 and Plaintiff alleges that his constitutional rights have been violated during his incarceration at the Mack H. Alford Correctional Center as follows:

Count I:    Denial Of Equal Protection Of The Law; 1st, 5st (sic), 6th, 8th, and 14th Amendments of the United States Constitution.

Supporting Facts: The Plaintiff was in the care, custody and control of the Defendants at the Mack H. Alford Correctional Center. He was being

harassed by one of the Defendants named, and when he requested assistance from the staff personel (sic) in charge, he did not receive assistance as he should have, but was harassed even more, thus denying him equal protection of the law as prescribed by the United State (sic) Constitution and the laws of the State of Oklahoma.

A Jury Trial is Respectfully Requested!

Count II:    Denial of Due Process Of Law; 1st, 5th, 6th, 8th, and 14th Amendments of the United States Constitution.

Supporting Facts:    After the Plaintiff started complaining about the treatment that he was receiving from one of the Defendants, the remaining Defendants, instead of taking approiate (sic) action against the Officer involved, who had admitted to be in the wrong, they started retialating (sic) against the Plaintiff for complaining in the first place about their fellow staff member, which is a comon (sic) thing within the facilitys' (sic) within the Oklahoma Department of Corrections.

Count III:    Cruel and Unusual Punishment; 1st, 5th, 6th, 8th, and 14th Amendments of the United States Constitution.

Supporting Facts:    When the Plaintiff started complaining about being harassed by one of the named Defendants, he was placed in solitary confinement, and in fact denied access to the courts (i.e. to contact an attorney when requested or to write to his attorney).

As a result of the foregoing deprivations, the Plaintiff requests monetary and injunctive relief from the Defendants. In accordance with Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978) an investigation has been conducted into the Plaintiff's allegations and a verified report has been filed reflecting the results of this investigation. The Defendants have also filed a Motion to Dismiss with supporting brief urging they are protected by the Eleventh Amendment to the U.S. Constitution, that there is a qualified immunity for

2

public officials acting in their individual capacity, and that Plaintiff's claim against Defendants Bellmon, Maynard, Reynolds, and Riddle is not justiciable because of a lack of personal participation. The brief also presents arguments and authorities rebutting Plaintiff's contentions of constitutional deprivations. The Plaintiff has responded to these materials, the Court finds that the record is complete without consideration of additional evidence, and enters the following findings and conclusions:

I

The investigative facts, the material portions of which are undisputed, reveal that Defendant Smith terminated the Plaintiff's employment as a cell house orderly for tardiness and refusing to work in April, 1990. Plaintiff retaliated by initiating an internal affairs investigation of Defendant Smith. During a shakedown inspection in May, 1990 Defendant Smith picked up Plaintiff's Bible and Plaintiff told him to put it back down. This altercation resulted in the tearing of a page from the Bible (Qur'an) and the Warden directed that funds be deposited in the Plaintiff's account for the purpose of purchasing a new Bible. An incident report was filed against the Defendant on June 16, 1990 for possession of manufactured contraband (typewriter) that had been removed from the gymnasium to the Plaintiff's room. Although he was found guilty during a disciplinary hearing, an appeal resulted in a new hearing and a finding of not guilty.

On July 2, 1990 the Plaintiff was directed to shave his beard by the Defendant Smith and upon Plaintiff's refusal, profanity and threats to retaliate against Defendant

3

Smith, an offense report was filed for menacing (No. 05-5, Threats of Bodily Harm or Death to a Staff Member) which resulted in a disciplinary hearing and a finding of guilty. Punishment imposed was 20 days disciplinary segregation and loss of 20 days earned credit. On July 2, 1990 the Plaintiff was placed in restrictive housing pending investigation for threatening conduct to Defendant Smith. Restrictive housing separates the inmate from the general population when the presence of the inmate in the population would pose a serious threat to other persons. In a restrictive housing assignment the inmate retains rights of access to the Court consistent with institutional regulations including the permission to have telephonic contact with attorneys of record. Since the attorney that Plaintiff desired to contact was not identified in the institutional records, a circumstance that is not controverted, Plaintiff was permitted access to counsel and the courts by the sending and receipt of mail. During the period Plaintiff was in restrictive housing he was visited by a representative of the law library on four different days, received legal documents and he was released on July 6, 1990. The Plaintiff's placement in restrictive housing is not a violation of Plaintiff's rights in view of the broad administrative authority reposed in the authority of correctional officials to manage and control the institution. Marchesani v. McCune, 531 F.2d 459, 462 (10th Cir.), cert. denied, 429 U.S. 846 (1976). The Plaintiff's Eighth Amendment rights have also been protected by the Court of Appeals decisions in Battle v. Anderson, 708 F.2d 1523, 1537

4

(10th Cir. 1983)(per curiam), cert. dismissed, 465 U.S. 1014 (1984); Battle v. Anderson, 788 F.2d 1421, 1426-1429 (10th Cir. 1986).

The conclusion of the investigator in the Special Report was that the investigation did not reveal anything that suggested the need to take further action. On September 10, 1990 the internal affairs investigation was concluded by counseling the Defendant Smith regarding statements made to the Plaintiff that his disruptive and manipulative conduct would result in making it "hard" on himself. No further action was taken as a result of the internal affairs investigation.

Institutional regulations support the actions taken by the officials to address and rectify the foregoing incidents. For example, the Inmate Grooming Code was promulgated to protect the sanitary conditions of the living quarters and the safety, health and welfare of the inmates. With certain exceptions, the grooming code prohibits beards and also regulates the length of hair and mustaches. Disciplinary procedures outlined in the Institutional Policy and Operations Manual and practiced herein provide for the receipt by the inmates of equitable treatment and due process protection when there are charges of violations of the rules of conduct.

The disciplinary process is initiated by the filing of an offense report which specifies the conduct of the inmate that is contrary to the offenses. The inmate receives a copy of the offense report within 24 hours after it has been approved by a supervisor or manager and evidence supporting the offense shall be available for the disciplinary

5

investigator to review. Generally, the inmate is not placed in pre-hearing detention unless his presence in the general population would pose a threat to the facility or community security. An investigation is conducted, and upon the conclusion of the investigation the inmate receives a copy of the investigator's report and the disciplinary hearing is scheduled. The inmate is given the opportunity to present live testimony and documentary evidence and to make a statement in support of his defense. A staff representative will be available to assist the inmate in preparing for the hearing. A disciplinary hearing is conducted by an impartial chairperson who makes a written record of the decision and supporting reasons which is kept in the inmate's Appeal File and Facility Records unless the misconduct is expunged. The inmate is present during the hearing except when the decision is being deliberated and upon a finding of guilt the inmate is informed of the evidence for this finding and the right to appeal. (Exhibit O, Report of Review of Factual Basis of Claims Asserted in Civil Rights Complaint Pursuant to U.S.C. Section 1983, filed December 3, 1990).

II

It is well recognized that prison officials are assigned a very difficult task of maintaining internal order and discipline in the institution under their supervision and that this responsibility is not capable of easy solution. To discharge this responsibility requires that there be an adjustment between institutional needs and objectives and constitutional requirements. There is no curtain drawn between the Constitution and the

6

prisons of this country, but officials must still be free to take appropriate action to insure the safety of inmates and correctional officials under constitutional institutional procedures. Wolff v. McDonnell, 418 U.S. 539, 555-556 (1974); Jones v. North Carolina Prisoners' Labor Union, 433 U.S. 119, 125-126 (1977). The law clearly does not authorize prison officials to retaliate against or harass an inmate because of his complaints regarding discipline or misconduct. Wildberger v. Bracknell, 869 F.2d 1467, 1468 (11th Cir. 1989).

In Turner v. Safley, 482 U.S. 78 (1987), the United States Supreme Court considered factors for determining whether a prison regulation impinges on an inmate's constitutional rights. Generally, the regulation is valid if it is reasonably related to legitimate penological interests and there is a valid rational connection between the regulation and the governmental interest put forward to justify it, whether there are alternative means of exercising the right that remained open to the inmates, the impact accommodation of the asserted constitutional right will have on guards and other inmates, and the absence of all alternatives that undergird evidence of reasonableness.

Although the Plaintiff challenges the evidence included in the investigative report of conversations between the Plaintiff and Defendant Smith and others, the Court finds that Plaintiff's allegations of due process and equal protection deprivations based on these exchanges are without substantial basis in fact. Due process is satisfied by these institutional disciplinary procedures resulting in constitutional protection to the Plaintiff,

7

the achievement of legitimate penological objectives, and the fairness of this system was evidenced by the finding of not guilty on the alleged offense of possession of manufactured contraband. The Plaintiff's Bible was torn during the "shakedown" inspection, but he was provided with a replacement. [Plaintiff cannot claim violations of the reasonable expectation of privacy in the prison cell. Hudson v. Palmer, 468 U.S. 517 (1984).]

Plaintiff does not deny that he was ordered to shave or that his beard was contrary to the Inmate Grooming Code. (Exhibit R, Report of Review of Factual Basis of Claims Asserted in Civil Rights Complaint Pursuant to U.S.C. Section 1983, filed December 3, 1990). Generally, the Courts have not sustained First Amendment challenges to regulations restricting the length and grooming of facial hair if there are adequate justifications for the restrictions. For example, in Wilson v. Schillinger, 761 F.2d 921 (3rd Cir. 1985), cert. denied, 475 U.S. 1096 (1986), the Court considered challenges to prison regulations that allegedly interfered with First Amendment rights. The Court's initial inquiry was directed to evidence the regulation was unnecessarily restrictive, and then to justifications supporting the regulation. The Court held the regulation on hair length was supported by evidence that long hair creates a security problem, contributes to unsanitary prison conditions and homosexual activity, and inmates with long hair and beards may be able to effectively thwart identification. The Court concluded that the state had demonstrated the regulation may be enforced even

8

though it conflicts with religious beliefs because of the potential dangers to prison security. The disciplinary proceedings on the menacing offense complied with the Disciplinary Procedures and Plaintiff's appeal based on denial of access to legal materials was denied. Although Plaintiff urged the deprivation of legal materials violated his rights on appeal, this issue is not mentioned in Plaintiff's submissions herein. Instead Plaintiff now suggests that his violation of the rules should be excused because he did not have a razor.

Alleged violations of §1983 requires that the Plaintiff satisfy the following essential elements to prevail on the complaint: (1) that a Defendant acted under color of state law, and (2) the conduct deprived the Plaintiff of rights, privileges, and immunities secured by the Constitution or laws of the United States. Adickes v. Kress & Co., 398 U.S. 144, 150 (1970); McKay v. Hammock, 730 F.2d 1367, 1373 (10th Cir. 1984). There is no showing that the actions of the Defendants were not under color of state law. For the most part, the Plaintiff has remonstrated without constitutional authority against appropriate institutional management. Disciplinary procedure is designed to protect the safety and welfare of the Plaintiff and to recognize the correlative rights of other inmates to a safe and secure institution. The offenses and discipline challenged by the Plaintiff were not unreasonable or unconstitutional and are matters clearly within the discretion of the custodial officials who acted within the institutional code. Hewitt v. Helms, 459 U.S. 460, 467 (1983).

9

III

Under the rule of respondeat superior, Defendants Bellmon, Maynard, Reynolds, and Riddle must also be dismissed from this action since there is no showing they were personally involved in any misbehavior, misconduct, or other acts that would justify a determination that they should be exposed to liability as a public or supervisory official. In terms of personal participation in the alleged illegal acts, these Defendants are scarcely mentioned and their supervisory functions do not justify broad contentions of liability simply because of their title or position. Rizzo v. Goode, 423 U.S. 362, 370-371 (1976); Coleman v. Turpin, 697 F.2d 1341, 1346 n.7 (10th Cir. 1982); Lessman v. McCormick, 591 F.2d 605, 612 (10th Cir. 1979).

IV

The Defendants request the Court to apply the doctrine of qualified immunity to protect them as public officials from liability for damages since their conduct does not violate clearly established standards or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The Court believes and finds that Plaintiff has not sustained his burden of showing the law that was violated was clearly established or that Defendants' conduct violated clearly established law. Pueblo Neighborhood Health Centers, Inc. v. Losavio, 847 F.2d 642, 645-646 (10th Cir. 1988). It appears to the Court that the Plaintiff has received appropriate institutional discipline in accordance with the disciplinary code where it was

justified, that the procedures recognized Plaintiff's guilt or innocence, and that his attempts to manipulate the system to achieve individual desires does not establish a basis of conduct by Defendants which deviates from established standards. The Court will not permit Plaintiff's due process and equal protection rights to be violated through the institutional disciplinary process, but Plaintiff has not come forward with the necessary factual allegations and these officials should be spared the expense of further proceedings. Powell v. Mikulecky, 891 F.2d 1454, 1457 (10th Cir. 1989). Therefore, the Court applies the qualified immunity doctrine to Plaintiff's claims compelling this dismissal. Lutz v. Weld County School District, 784 F.2d 340, 342-343 (10th Cir. 1986).

IV

Moreover, the Court has reviewed the recent Supreme Court decision in Will v. Michigan Department of State Police, ___ U.S. ___, 57 U.S.L.W. 4677 (June 15, 1989) and finds that this action is brought against state officials in their official capacities. This decision reaffirmed a long standing rule that a state is not a person within the meaning of §1983 and the circumstances of this case do not distinguish it from this rule. Also, the Eleventh Amendment bars this action since the State of Oklahoma asserts that this immunity has not been waived and that a suit against state officials is the same as a suit against the State of Oklahoma. Therefore, there is no basis for granting monetary relief against the Defendants. Kentucky v. Graham, 473 U.S. 159, 165-166 (1985); Eastwood v. Department of Corrections of Oklahoma, 846 F.2d 627, 631-632 (10th Cir. 1988).

11

Accordingly, it is the Court's opinion that Plaintiff's allegations of unconstitutional conduct are not supported by the record and there are no redressible injuries, damages, or right to equitable relief. Since the Plaintiff has not presented a rational argument supported by law or facts and there are no redressible constitutional defects, continuation of this suit would not serve the interests of justice. Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979). Judgment will issue dismissing Plaintiff's complaint and the causes of action alleged therein. In view of the foregoing there is no necessity for appointment of counsel, nor is there a constitutional right to the assistance of counsel in the prosecution or defense of a civil action. Blankenship v. Meachum, 840 F.2d 741, 743 (10th Cir. 1988); Bethea v. Crouse, 417 F.2d 504, 505 (10th Cir. 1969). The *pro se* Plaintiff has presented his claims and authorities in a comprehensive manner, but there is no right to relief and the request for appointment of counsel will be denied. McCarthy v. Weinberg, 753 F.2d 836, 838 (10th Cir. 1985). It is further the Court's opinion and order that any appeal of this judgment would not be taken in good faith and it would be a frivolous exercise at the unjustified expense of the taxpayers. Any appeal *in forma pauperis* is therefore denied. Fed. R. App. P. 24.

It is so ORDERED this  17th  day of January, 1991.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

12

IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

**FILED**

JAN 17 1991

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ , DEPUTY

| | | |
|---|---|---|
| A.L. RASHID MUHAMMAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-90-1608-R |
| | ) | |
| HON. HENRY BELLMON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DOCKETED**

### JUDGMENT

In consideration of the entered Memorandum Opinion, it is hereby

ORDERED, ADJUDGED AND DECREED the Plaintiff's complaint and the causes of action alleged therein are dismissed. It is further the Court's opinion and order that any appeal of this judgment would not be taken in good faith and it would be a frivolous exercise at the unjustified expense of the taxpayers. Any appeal *in forma pauperis* is therefore denied. Fed. R. App. P. 24.

It is so ORDERED this 17th day of January, 1991.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

**ENTERED IN JUDGEMENT DOCKET ON** /-/7-9/

# ATTACHMENT 4

***Young v. Nigh***, **No. CIV-86-2337-R (W.D. Okla. July 27, 1988).**

- Judgment entered on July 27, 1988.

- Docket Sheet

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

**FILED**

JUL 27 1988

ROBERT D. DENNIS
CLERK, U. S. DISTRICT COURT
BY _Nancy Estep_
DEP

HARVEY LEE YOUNG, et al.,

        Plaintiffs

vs.                CIV-86-2337-R

DAVID WHITE, et al.,

        Defendants

## JUDGEMENT

Upon review of all matters of record herein, the Court concludes that there is no genuine issue of material fact and that defendants are entitled to judgment as a matter of law.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that judgment be and hereby is granted against plaintiff and in favor of defendants.

Dated this 27th day of July, 1988.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

ENTERED IN JUDGEMENT DOCKET ON 7-27-88

FILED

REOPENS CASE _____

FINAL JUDGMENT
CLOSES CASE _____

DOES NOT CLOSE CASE _____

CASE CLOSED PREVIOUSLY _____

| | | | | | | | | | | | | | Nearest $1,000 | J 8513 | | | | |
| 1087 | 5 | 86 | 2337 | 10 | 23 | 86 | 3 | 550 | 1 | | | | | M 87BB | 40055 | | 86 | 2337 |

# CIV-86-2337 R

PLAINTIFFS | DEFENDANTS

(1) YOUNG, HARVEY LEE
    aka A. L. Rasheed Muhammad
(2) WHITE, RILEY BRADFORD

(1) NIGH, GEORGE out 3-10-87
(2) MEACHUM, LARRY R. out 3-10-87
(3) PARSONS, GARY out 3-10-87
(4) DOUGLAS, PETER A. out 3-10-87
(5) BARNHART, RICHARD L. out 3-10-87
(6) JONES, DON out 3-10-87
(7) TUCKER, RICK out 3-10-87
(8) STANSBURY, JOHNNY out 3-10-87
(9) WHITE, DAVID
(10) EDWARDS, JOHN out 3-10-87

Closed 7-27-88

**CAUSE**

(CITE THE U.S. CIVIL STATUTE UNDER WHICH THE CASE
IS FILED AND WRITE A BRIEF STATEMENT OF CAUSE)

42 USC 1983  Civil Rights Complaint             kh

**ATTORNEYS**

PLAINTIFF address change

Harvey Young
aka A. L. Rasheed Muhammad
#117368
1700 East First Street
Oklahoma State Reformatory
Granite, OK 73547

Riley Bradford White
#84549
P. O. Box 514
Granite, OK 73547

A. L. Rasheed Muhammad
8808 North Harvey Avenue
Oklahoma City, OK 73114
405/685-5913

DEFENDANT
Robert H. Henry, AG
Sandra D. Howard, AAG
Michael C. Turpen, AG
Robert Nance, AAG
112 State Capitol
Okla City, Ok   73105
405/521-3921  (1)(2)(3)(4)(5)(6)(7)
              (8)(9) ( 2-2-57 )

Robert H. Henry, AG
Robert A. Nance, AAG
Deputy Chief, Federal Division
112 State Capitol Building
Oklahoma City, OK  73105
405/521-3921   (9)   ( 2 10-88 )

| CHECK HERE IF CASE WAS FILED IN FORMA PAUPERIS | FILING FEES PAID | | STATISTICAL CARDS | |
| | DATE | RECEIPT NUMBER | C.D. NUMBER | CARD | DATE MAILED |
| x | | | COURTRAN | JS-5 | 10/31/86 |
| | | | | JS-6 | JUL 3 1 1988 |

UNITED STATES DISTRICT COURT DOCKET          DC-111 (Rev. 9/81)

| DATE | NR. | CIV-86-2837 R |
|------|-----|---------------|
| 10-23-86 | 1 | MOTION For Lv To Proceed In FP w/ORDER permitting movant to file & maintain action to conclusion w/o prepayment of fees or costs (CAUTHRON) kh (WHITE) |
| 10-23-86 | 2 | MOTION For Lv To Proceed In FP w/ORDER permitting movant to file & maintain action to conclusion w/o prepayment of fees or costs (CAUTHRON) kh (YOUNG) |
| 10-23-86 | 3 | COMPLAINT |
| 10-23-86 | 4 | ORDER For Spec Report - to be filed w/i 60 days fm date hereof; no appls or mtns to be filed until report filed; ans to be filed w/i 20 days following filing of spec report (CAUTHRON) kh |
| 10-23-86 | 5 | ORDER directing clk to cause summs to be issd & serv (CAUTHRON) kh |
| 10-23-86 | 6 | PRAECIPE for & issd 11 summs |
| 10-31-86 | | RETURN Of Serv re Summs |
| | 07 | EXECUTED on Don Jones, 10-28-86 by U. S. Marshal, by cert mail (20 dys) |
| | 08 | EXECUTED On Peter A. Douglas, by cert mail 10-28-86 by U.S. Marshal (20 dys) |
| | 09 | EXECUTED On Larry Meachum, by cert mail 10-28-86 by U.S. Marshal (20 dys) |
| | 10 | EXECUTED On George Nigh, by cert mail, 10-28-86 by U.S. Marshal (20 dys) |
| | 11 | EXECUTED On Johnny Stansberry, by cert mail 10-28-86 by U.S. Marshal (20 dys) |
| | 12 | EXECUTED On Rick Tucker, by cert mail 10-28-86 by U.S. Marshal (20 dys) |
| | 13 | UNEXECUTED On John Edwards |
| | 14 | EXECUTED On Atty Generaly, by cert mail 10-28-86 by U.S. Marshal (20 dys) |
| 11-3-86 | | RETURN Of serv re Summs |
| | 15 | EXECUTED On Gary Parsons, 10-30-86 by S. Rhodes |
| | 16 | EXECUTED On Richard Barnhart, 10-29-86 by S. Rhodes |
| 11-18-86 | | RETURN Of serv re summs |
| | 17 | UNEXECUTED On David White |
| 12-22-86 | 18 | MOTION For Enlargement Of Time w/s |
| 12-23-86 | 19 | ORDER: Dfts are gratned until 1-21-87 in whcih to answ or othetwise plead (RUSSELL) jh |
| 1-21-87 | 20 | MOTION To Dism by dfts w/s |
| 1-21-87 | 21 | BRIEF In Suppt Of Mtn To Dism w/s |
| 1-27-87 | 22 | MINUTE Order: Plfs are dir to resp w/i 15 days to dfts Mtn to Dism. If Plfs fail to resp w/i time allwd, mtn will be deemed confessed. (RUSSELL) |
| 1-28-87 | 23 | MOTION to deny Dfts Mtn to Dism & Req for Order Requiring an Evidentiary Hrg, by Plf |
| 02-03-87 | 24 | PLAINTIFF'S Response To Dfts Mtn To Dism, w/s |
| 02-04-87 | 25 | MOTION to Compel Issuance Of Subpoena, served upon: George Nigh, Larry A. Meachum, Gary Parsons, John Grider, Peter A. Douglas, Richard L. Barnhart, Charles Barton, Rick Tucker, Johnny Stansbury, David White, John Edwards, Kathy Horgan, Mark Johnson, Jerry Rapier, Mike W. Miller, w/s, by Plf |
| 02-04-87 | 26 | APPLICATION For A Writ Of Habeas Corpus Ad Testificandum, by Plf, for purpose of giving testimony for the following persons: A. L. Rasheed Muhammad, a/k/a Young, Liley Bradford White, Jerry Long, Jimmy Johnson, George Young, Roy, Byus, Bufflohead, Marvin Rainwater, w/s |
| 02-04-87 | 26 | MOTION For Court Appointed Counsel by Plf, w/affidavit in support, w/s |
| 02-04-87 | 27 | MOTION To Compel Issuance Of Subpoenas Duces Tecum by Plf, served upon: Don Jones, Don Eldridge, Mr Pelton of Pelton's Pollygraph Service, President, First National Bank of Purcell, w/s |
| 02-23-87 | 28 | STATEMENT Of Atty General Representation: Robert H. Henry, Atty General of State of Okla states its representation of following individuals, Governor George Nigh, Larry Meachum, Gary Parsons, Peter Douglas, Richard Barnhart, Don Jones, Rick Tucker, John Stansbury & David White, w/s |
| 03-10-87 | 29 | ORDER: This action is dismissed as to all dfts except dft White; all plfs' claims agnst dft White are dismissed except the claim that dft White failed to adequately provide for plfs' protection & care (as more fully set out) (RUSSELL) ne |
| 03-20-87 | 30 | NOTICE Of Intent To Appeal by plfs fm judg/ord ent 3-10-87-w/s |
| 03-20-87 | 31 | CLERK'S ltr re serv of Notice of Appeal, w/cpy ltr, notice, dkt sheet & prelim record to CCA & cnsl -sa *87-1403 |
| 03-23-87 | 32 | CLERK'S ltr transm Record on Appeal to CCA (1 vol), w/cpy ltr & dkt sheet as index to cnsl -sa |
| 3-31-87 | 33 | PRO SE Docketing Statement (orig & 1 cpy sent to CCA) -sa |

| PLAINTIFF | | DEFENDANT | CIV-86-2337-R |
|---|---|---|---|
| | | | DOCKET NO. _____ |
| HARVEY LEE YOUNG, ET AL | | GEORGE NIGH, ET AL | PAGE ___ OF ___ PAGES |

| DATE | NR. | PROCEEDINGS |
|---|---|---|
| 4-9-87 | 34 | AMENDED Notice Of Intent To Appeal by plf, Riley Bradford White, fm judg/ord ent 3-10-87-w/s |
| 4-9-87 | 35 | CLERK'S ltr re serv of Notice of Appeal, w/cpy ltr, notice, dkt sheet & prelim record to CCA & cnsl -sa |
| 4-15-87 | 36 | CLERK'S ltr transm Record on Appeal to CCA (1 vol), w/cpy ltr & dkt sheet as index to cnsl -sa |
| 12-28-87 | 37 | CCA'S cert cpy of ord & judg (appeal premature & must be dism for that reason; mtn to dism grtd & appeal dism) (Logan, Seymour & Anderson) #87-1403 -sa |
| 01-11-88 | 38 | MOTION To Stay Proceedings & Req For Appointment Of Cnsl, by plfs, w/s |
| 01-11-88 | 39 | AFFIDAVIT In Supp Of Plfs Mtn To Stay Proceedings & Req For Appointment Of Cnsl, w/s |
| 01-21-88 | 40 | MINUTE Order:  Dft White is dir to ans or otherwise plead w/i 20 days fm date hereof  (RUSSELL) |
| 01-21-88 | 41 | ORDER:  Ct will deny at this time, req for appointment of cnsl w/o prej to its renewal in event compl proceeds past preliminary states  (RUSSELL) cw |
| 02-10-88 | 42 | APPEARANCE of Robert A. Nance as addl counsel for dft David White |
| 02-10-88 | 43 | ANSWER of dft, David White, w/s |
| 02-16-88 | 44 | MOTION For Dflt Judg, by Plfs agnst Dfts w/s |
| 02-18-88 | 45 | PLAINTIFFS' Reply To Dfts "Answer" To Plfs Compl, n/s |
| 02-25-88 | 46 | MINUTE Order:  Plfs' mtn for dflt judg is overruled; State shall file any dispo mtn, w/suppl Martinez report on or bef 03-15-88  (as more fully set out) (RUSSELL) ne |
| 03-11-88 | 47 | MOTION For Enlarg Of Time, by dft DAvid White, w/s |
| 03-14-88 | 48 | ORDER:  Dfts are grtd until 03-30-88 to ans  (RUSSELL)  ne |
| 03-30-88 | 49 | SUBMISSION of Partial Special Report & Mtn for Enlrg of Time to complete Special Rpt, by dfts -w/s |
| 03-30-88 | 50 | SUPPLEMENTAL Special Report -w/s |
| 04-01-88 | 51 | ORDER grtg dfts' 20 days fm & af 3-30-88 to complete the Suppl Special Report. Thereafter, dft is grtd a fur enlrg of 30 days fm & af 4-19-88 to file a Mtn for SJ. (RUSSELL) kb |
| 04-04-88 | 52 | NOTIFICATION Of Change Of Address of A. L. Rasheed Muhammad |
| 04-04-88 | 53 | POWER Of Atty of Riley Bradford White, appointing A. L. Rasheed Muhammad |
| 04-05-88 | 54 | MINUTE Order:  Dfts' mtn for enlarg of time is grtd in that they are to complete the special report by 04-20-88 & have 20 days t/a to apply for sj (RUSSELL) |
| 05-09-88 | 55 | MOTION For Enlarg Of Time to ans, by dft David White, w/s |
| 05-12-88 | 56 | ORDER:  Dft's Mtn for Enlarg of Time to ans or otherwise plead is grtd until 05-14-88; last ext  (RUSSELL)  ne |
| 05-16-88 | 57 | MOTION For SJ, by dft David White, w/s |
| 05-16-88 | 58 | MEMORANDUM Brf In Supp Of Mtn For SJ, w/s |
| 05-18-88 | 59 | ENTER Order:  Plfs are dir to resp by 06-06-88 to dft's Mtn for SJ  (RUSSELL)  ne |
| 06-17-88 | 60 | MINUTE ORDER:  It is ordered that plfs are dir to resp on or bef 07-01-88 to dft's Mtn for SJ  (RUSSELL)  jy |
| 07-27-88 | 61 | ORDER Of Dism:  Only remining dft in this action, David White, has filed a Mtn for SJ on 05-16-88; no resp has been received; Judg shall enter accordingly (RUSSELL)  ne |
| 07-27-88 | 62 | JUDGMENT:  It is ordered that judg is grtd agst plf & in favor of dfts (RUSSELL) ne  (MICRO 7/88) |